## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE,<br>201 Maryland Avenue, NE<br>Washington, DC  20002 | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case Action No. 18-cv-00374 |
| | ) ) | **COMPLAINT FOR DECLARATORY** |
| UNITED STATES DEPARTMENT OF STATE,<br>The Executive Office<br>Office of the Legal Adviser, Suite 5.600<br>600 19th Street NW<br>Washington DC 20522 | ) ) ) ) ) ) | **AND INJUNCTIVE RELIEF** |
| UNITES STATES DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-001 | ) ) ) ) ) | |
| FEDERAL BUREAU OF INVESTIGATION,<br>935 Pennsylvania Avenue NW<br>Washington, DC 20535 | ) ) ) ) | |
| and | ) ) | |
| UNITED STATES DEPARTMENT OF TREASURY,<br>1500 Pennsylvania Avenue, NW<br>Washington, DC 20220 | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff American Center for Law and Justice ("ACLJ"), by and through counsel, brings

this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the failure

of Defendants, the United States Department of State ("DOS"), the United States Department of

Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), and the United States Department

of Treasury ("Treasury") to respond to Plaintiff's FOIA request and/or request for expedited

processing within the statutorily prescribed time period, and seeking the disclosure and release of

agency records improperly withheld by Defendants. In support thereof, Plaintiff alleges and states

as follows:

## JURISDICTION AND VENUE

1.   This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C.

§ 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA, and Plaintiff has

exhausted its administrative remedies.

2.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

3.   This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and

28 U.S.C. § 2202.

4.   This Court has authority to award declaratory relief pursuant to 28 U.S.C. § 2201.

## PARTIES

5.   Plaintiff, with offices at 201 Maryland Avenue, N.E., Washington, DC 20002, is a not-for-

profit 501(c)(3) organization dedicated to the defense of constitutional liberties secured by law.

Plaintiff's mission is to educate, promulgate, conciliate, and where necessary, litigate, to ensure

that those rights are protected under the law. Plaintiff also regularly monitors governmental

activity with respect to governmental accountability. Plaintiff seeks to promote integrity,

transparency, and accountability in government and fidelity to the rule of law. In furtherance of its

dedication to the rule of law and public interest mission, Plaintiff regularly requests access to the

public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

6. Defendant DOS is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 2201 C Street, N.W., Washington, DC 20520. Defendant DOS is in control and possession of the records sought by Plaintiff.

7. Defendant DOJ is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530. Defendant DOJ is in control and possession of the records sought by Plaintiff.

8. The FBI is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 935 Pennsylvania Avenue, NW, Washington, DC 20535. Defendant FBI is in control and possession of the records sought by Plaintiff.

9. Defendant Treasury is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 1500 Pennsylvania Avenue, NW, Washington, DC. Defendant Treasury is in control and possession of the records sought by Plaintiff.

## FACTUAL ALLEGATIONS

*FOIA Requests*

10. On October 25, 2017, Plaintiff issued to each Defendant agency a FOIA request and summarized its requests as follows: "the numbered requests contained herein seek any and all records concerning approval by the Committee on Foreign Investments in the United States (CFIUS) of the sale of a controlling stake in Uranium One to Rosatom, a Russian energy conglomerate, in 2010 (resulting in a total takeover by 2013); and what the CFIUS members knew when they voted to approve the transfer in light of" certain facts.

11.     Plaintiff set forth a "Background" section in each request addressing, as contemplated in the applicable FOIA regulations of the respective Defendant agencies.

12.     Plaintiff identified, in each FOIA request, the specific records it seeks.

13.     Plaintiff specified in each FOIA request that the term "record" includes "any information" that qualifies under FOIA, 5 U.S.C. § 552(f), and provided a non-exhaustive list of types of information to be included in the term "record."

14.     Plaintiff further specified in each FOIA request the applicable definitions of various terms including "briefing," "DOS official," "FBI official," "DOJ official," "DOJ employee," "ODNI official," and "Treasury official."

15.     Plaintiff specified in each FOIA request that "the timeframe of records requested herein is July 1, 2010, to the date this Request is processed, unless otherwise indicated."

16.     In each of its FOIA requests, Plaintiff requested that the Defendant agency support all denials by reference to specific FOIA exemptions and provide any judicially required explanatory information, including but not limited to, a *Vaughn* Index.

17.     In each of its FOIA requests, Plaintiff asserted its entitlement to expedited processing and a waiver of all associated fees, as explained in a memorandum accompanying each request and referenced therein, and reserved its right to appeal any agency withholding of records and/or any agency denial of Plaintiff's requests for expedited processing and a waiver of fees.

18.     Plaintiff sent its DOS FOIA request to DOS's Office of Information Programs and Services. DOS received Plaintiff's FOIA request via Federal Express delivery on October 26, 2017.

19.     Plaintiff sent its DOJ FOIA request to DOJ's National Security Division (NSD), and separate copies to DOJ's FOIA/PA Mail Referral Unit and DOJ's Director of Public Affairs. All DOJ offices received Plaintiff's FOIA request via Federal Express delivery on October 26, 2017.

20.     Plaintiff sent its FBI FOIA request to the FBI's Records Management Division. The FBI received Plaintiff's FOIA request via Federal Express delivery on October 26, 2017.

21.     Plaintiff sent its Treasury FOIA request to the Treasury's FOIA and Transparency Office. Treasury received Plaintiff's FOIA request via Federal Express delivery on October 26, 2017.

*Agency Responses*

22.     By letter dated November 2, 2017, Defendant DOS acknowledged receipt of Plaintiff's FOIA request and confirmed it was received by DOS on October 30, 2017. Defendant DOS advised it had assigned Case Control Number F-2017-16650 to Plaintiff's FOIA request and that it would "begin processing of your request based upon the information provided in your communication."

23.     In this same letter, Defendant DOS denied Plaintiff's request for expedited processing.

24.     By letter dated November 2, 2017, Defendant FBI acknowledged receipt of Plaintiff's FOIA request and assigned FOIPA Request No. 1388246-000.

25.     On November 8, 2017, the FBI granted Plaintiff's request for expedited processing pursuant to 28 C.F.R. § 16.5(e)(1)(iv) ("A matter of widespread and exceptional media interest in which there exits possible questions about the government's integrity which affect public confidence.").

26.     By letter dated November 8, 2017, Defendant DOJ's Office of Information and Policy responded on behalf of the Office of Attorney General and acknowledged receipt of Plaintiff's FOIA request, assigned reference number DOJ-2018-000515(AG).

27.    In this same letter, Defendant DOJ informed Plaintiff that its request for expedited processing "should be granted" and that the "request has been assigned to a Government Information Specialist in this Office and a records search has been initiated in the Office of the Attorney General."

28.    In this same letter, Defendant DOJ notified Plaintiff that its request falls within "unusual circumstances" pursuant to 5 U.S.C. 552 (a)(6)(B)(i)-(iii), and that DOJ would "need to extend the time limit to respond to [Plaintiff's] request beyond the ten additional days provided by statute."

29.    By electronic mail on November 8, 2017, the NSD confirmed receipt of Plaintiff's FOIA request on October 26, 2017, assigned FOIA/PA #18-017, and granted Plaintiff's request for expedited processing – acknowledging that "a particular urgency to inform the public about an actual or alleged federal government activity" exists.

30.    As of the date of this Complaint, Treasury has failed to respond in any manner to Plaintiff's FOIA request and request for expedited processing and waiver of fees.

31.    Aside from the communications from the Defendants outlined above, Plaintiff never received any further communication from any of the Defendants regarding its FOIA requests.

32.    Defendants did not notify Plaintiff, within 20 days (excepting Saturdays, Sundays, and legal public holidays) of receipt of Plaintiff's request, or anytime thereafter of their determination and the reasons therefor.

33.    Defendants did not inform Plaintiff, within 20 days (excepting Saturdays, Sundays, and legal public holidays) of receipt of Plaintiff's request, or anytime thereafter, of the scope of the documents Defendants had determined they would produce.

34.    Defendants did not inform Plaintiff, within 20 days (excepting Saturdays, Sundays, and legal public holidays) of receipt of Plaintiff's request, or anytime thereafter, of the scope of the

documents Defendants had determined they would withhold under any FOIA exemptions.

35.     Defendants DOS, FBI, DOJ – on behalf of NSD – and Treasury never informed Plaintiff of any unusual circumstances requiring an extension of the 20-day time period referenced in the four preceding paragraphs.

36.     Defendant DOJ – on behalf of the Office of the Attorney General – has not processed Plaintiff's FOIA request with due diligence.

37.     According to DOJ's FOIA online webpage, a determination responsive to Plaintiff's FOIA request was due more than two months ago on November 30, 2017.

38.     The phases of FOIA processing by the DOJ, according to DOJ's website, are "Submitted," "Evaluation," "Assignment," "Processing," and "Closed."

39.     As of the date of this Complaint, Plaintiff's FOIA request is only in the "Assignment" phase. No search has been conducted and no determination made.

## CAUSE OF ACTION

### COUNT I
### Violations of the Freedom of Information Act

40.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully stated herein.

41.     The federal FOIA establishes a 20-day deadline by which a federal agency must make and issue a decision regarding compliance with a request for records made pursuant to the statute. 5 U.S.C. § 552(a)(6)(A)(i).

42.     Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendants were required to determine whether to comply with Plaintiff's request within twenty (20) days, excepting Saturdays, Sundays, and legal public holidays. Pursuant to this same provision, Defendants also were required to notify Plaintiff

immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency.

43.     Plaintiff sent its FOIA requests to Defendants on October 25, 2017, and Plaintiff's FOIA requests were received by all Defendants on October 26, 2017.

44.     Pursuant to 5 U.S.C. § 552(a)(6)(A), because no unusual circumstances were cited, DOS, DOJ (on behalf of NSD), FBI and Treasury were required to make a determination and provide Plaintiff with the requisite notifications by November 23, 2017.

45.     Pursuant to 5 U.S.C. § 552(a)(6)(A), DOJ, on behalf of the Office of the Attorney General, was required to make a determination and provide Plaintiff with the requisite notifications by December 7, 2017.

46.     No exceptional circumstances exist to support an additional undefined extension by DOJ as to a response by the Office of the Attorney General.

47.     As of the date of filing of this Complaint, Defendants have failed to notify Plaintiff of any determination about whether Defendants will comply with Plaintiff's FOIA requests, and the reasons for any such determination.

48.     As of the date of filing of Plaintiff's instant Complaint, Defendants have failed to produce any records responsive to Plaintiff's requests, indicate when any responsive records will be produced, or demonstrate that responsive records are exempt from production.

49.     Defendants requested no information from the Plaintiff that would toll the 20-day period as contemplated by 5 U.S.C. § 552(a)(6)(A)(i)(I).

50.     Plaintiff has a statutory right to have Defendants process its FOIA requests in a timely manner and in accordance with the requirements set forth in 5 U.S.C. § 552(a)(6).

51.     Defendants are unlawfully withholding records requested by Plaintiff pursuant to

5 U.S.C. § 552.

52.     FOIA provides a cause of action for a complainant from whom a federal agency has
improperly withheld requested records. 5 U.S.C. § 552(a)(4)(B).

53.     Through Defendants' continued delay in responding to ACLJ's lawful requests for
records, and their improper withholding of such requested records, Defendants have failed to
comply with FOIA's prescribed deadlines for responding to a request for records and have
violated ACLJ's statutory rights.

54.     Pursuant to 5 U.S.C. § 552(a)(6)(C), because Defendants failed to comply with the time
limits set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all
administrative remedies with respect to its FOIA requests.

55.     Plaintiff is being irreparably harmed by reason of Defendants' unlawful withholding of
requested records, and ACLJ will continue to be irreparably harmed unless Defendants are
compelled to conform their conduct to the requirements of the law.

## PRAYER FOR RELIEF

56.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against
Defendants, and provide Plaintiff with the following relief:

    (a)     An Order that each Defendant conduct a diligent search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed reasonable search methods most technologically likely to lead to the discovery of records responsive to Plaintiff's FOIA requests, selected from among those methods available to each Defendant;

    (b)     An Order enjoining each Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

    (c)     An Order that each Defendant produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records, or portions thereof, withheld under claim of exemption;

    (d)     A Declaration that each Defendant's actions violated Plaintiff's statutory rights

under 5 U.S.C. § 552;

(e)     An Order awarding to Plaintiff its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

(f)     An Order granting to Plaintiff all further relief to which Plaintiff may be entitled.


Dated: February 19, 2018                    Respectfully submitted,

                                            JAY ALAN SEKULOW
                                              (D.C. Bar No. 496335)
                                            STUART J. ROTH (D.C. Bar No. 475937)
                                            */s/ Abigail A. Southerland*
                                            ABIGAIL A. SOUTHERLAND
                                            (TN Bar No. 026608)
                                            CARLY F. GAMMILL (D.C. Bar No. 982663)
                                            BENJAMIN SISNEY (D.C. Bar. No. 044721)
                                            THE AMERICAN CENTER FOR LAW
                                            AND JUSTICE
                                            201 Maryland Avenue, N.E.
                                            Washington, D.C.  20002
                                            Telephone: (202) 546-8890
                                            Facsimile: (202) 546-9309
                                            Email:asoutherland@aclj.org
                                            *Counsel for Plaintiff*